Littleton, Judge,
delivered the opinion of the court:
The contract in this case for the removal of certain buildings and improvements from Camp Meade, which were paid for by the plaintiff September 7, 1923, provicled that-the buildings should be dismantled and removed within nine months. The contract contained no provision for liquidated damages or penalty for failure to complete the work within the time specified but contained a provision that no extension of time would be granted. The time limit was certainly for the benefit of the defendant which it could not insist upon if it delayed the contractor in the performance of the work. The rule is well established that where one party to a contract demands strict performance as to time-by the other he must comply with all the conditions requisite to enable the other party to perform his part, and the failure on the part of the one demanding performance to do all required of it to enable the other party to complete the work within the time limit operates as a waiver of the time provision of the contract, and the contractor is permitted to complete the work within a reasonable time. District of Columbia v. Camden Iron Works, 181 U.S. 453; Jefferson *665 Hotel Co. v. Brumbaugh, 168 Fed. 867; Ittner v. United States, 43 C.Cls. 336; The New Jersey Foundry & Contracting Co. v. United States, 47 C.Cls. 489, affirmed 234 U.S. 236; United Engineering & Contracting Co. v. United States, 44 C.Cls. 178; R. Guastavino Co. v. United States, 50 C.Cls. 115; Harris Structural Steel Co. v. United States, 61 C.Cls. 339; Ghristensen Construction Co. v. United States, 72 C.Cls. 500; George Griffiths et al. v. United States, ante, page 542. The delays resulting in the inability of the plaintiff to perform the work required by the contract involved in this case were mutual, but the facts establish that the plaintiff was delayed to a considerable extent by the acts of the defendant. In such a case, under the rule laid down in the foregoing cases, there is no longer a fixed date for the completion of the' contract. For this reason courts have consistently held that the United States cannot insist upon the time limit and cannot exact from the contractor penalties, damages, or other consideration based on the ground that the contract was not completed within the period fixed therein. These rules are applicable here. Plaintiff was required to sign a supplemental agreement drawn by the defendant designating the amounts exacted by the defendant based upon a percentage of the total contract price designated by it as “ a consideration for an extention of time for completion of the work ”, but which in fact was a penalty. Plaintiff had protested the signing of the supplemental agreement and the exaction of a penalty for delay. Inasmuch as the acts of the defendant to a large extent delayed plaintiff in its performance of the work, the supplemental agreement, under which the plaintiff was required to pay $2,505, was without consideration and therefore not binding upon plaintiff. This conclusion is supported by the well-established rule in this court that an amount exacted by the Government, based upon a percentage of the final payment under a contract as consideration for the execution of a qualified release, is recoverable. Carroll et al. v. United States, 69 C.Cls. 435; Christensen Construction Co. v. United States, supra.
*666 Judgment will be entered in favor of plaintiff for $2,505. It is so ordered.
Whaley, Judge; Williams, Judge; and GreeN, Judge, concur.
Booth, Chief Justice, did not hear this case, on account of illness and took no part in its decision.